# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | | |
|---|---|---|
| ALLAN VANDALL, *individually* | ) | CIVIL ACTION NO: 2:24-cv-04002-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| APOLLO SCOOTERS, | ) | |
| APOLLO IMPORTS, INC., and | ) | **JURY TRIAL DEMANDED** |
| FLUID FREE RIDE, LLC | ) | |
| Defendants. | ) | |

## INTRODUCTION

1. This is a personal injury case arising out of an incident that occurred on August 7, 2023, near Plaintiff Allan Vandall's home in Mount Pleasant, South Carolina, involving an Apollo Phantom V2 electric scooter ("electric scooter"), which was designed, manufactured, and/or placed into the stream of commerce by Defendants Apollo Scooters, Apollo Imports, Inc., and Fluid Free Ride, LLC.

2. As a result of the unsafe, dangerous, defective design, and/or manufacture of the electric scooter by the Defendants, the Plaintiff Allan Vandall suffered serious bodily injuries when the handlebars became loose due to a defective bolt, causing the electric scooter to become incontrollable, and inflicting severe and permanent injuries after Mr. Vandall crashed while he was riding the electric scooter on August 7, 2023 near his home.

3. Immediately after Mr. Vandall sustained serious injuries from the electric scooter crash on August 7, 2023, Mr. Vandall was rushed to the hospital via ambulance for immediate treatment and diagnosis.

4. Mr. Vandall's injuries from the electric scooter crash required surgery the following month, and he continues to have regular medical appointments to address his injuries that occurred as a result of the electric scooter incident. For example, a result of the incident, Mr. Vandall sustained injuries including but not limited to a concussion; his left bicep tendon to detach from his shoulder; multiple tears in the labrum of the left shoulder; impact fractures of the left shoulder and elbow; at least 20% scarring of arms and legs; head injury; knee injury; likely permanent nerve damage to arms and knees; and permanent damage to joints in his lower back.

5. Mr. Vandall used to lead a very active lifestyle, but his strength and mobility has been weakened as a result of the Defendants' conduct.

6. Mr. Vandall is the owner-operator of a busy restaurant in downtown Charleston, South Carolina and has been unable to fully return to work and perform his duties in the same manner he was able to do prior to the electric scooter crash. Mr. Vandall has also had to hire additional staff, including an additional manager on salary, to help assist him at work with his duties. This has caused a financial burden on Mr. Vandall and his business.

7. Mr. Vandall has attempted to resolve this case with the Defendants prior to filing this lawsuit.

8. Upon information and belief, there are numerous injuries and claims throughout the country as a result of the electric scooter's well-known defects.

9. Mr. Vandall now brings this action seeking damages and other relief against the Defendants Apollo Scooters, Apollo Imports, Inc., and Fluid Free Ride, LLC.

## JURISDICTION AND VENUE

10. Jurisdiction is based upon diversity of citizenship of the parties and the amount in controversy.

11. Plaintiff Allan Vandall is a citizen of the State of South Carolina. Defendant Apollo Scooters is has its principal place of business in Montreal, Canada. Defendant Apollo Imports, Inc. has its principal place of business in the State of Delaware. Defendant Fluid Free Ride, LLC is incorporated in the State of Florida.

12. The amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs.

13. Venue lies with this Honorable Court because the events causing this action took place in South Carolina within this Court's geographic boundaries in Charleston, South Carolina.

## PARTIES

14. Plaintiff, Allan Vandall, is an adult individual and a citizen of the United States who currently resides at Mount Pleasant, Charleston County, South Carolina.
15. Defendant Apollo Imports, Inc. is a Delaware Domestic Corporation with its principal place of business located at 2915 Ogletown Rd., #3696, Newark, DE 19713.
16. Defendant Apollo Imports, Inc. is the distributor of Phantom electric scooters.
17. Defendant, Apollo Scooters, is a business located in Montreal, Canada with its principal place of business located at 642 Rue de Courcelle, 404, Montreal Quebec H4C 3C7, CA.
18. Defendants, Apollo Scooters, is the manufacturer of Phantom electric scooters.
19. Defendant, Fluid Free Ride, LLC is a limited liability company with its principal place of business at 1080 Brickell Ave. Unit 3909, Miami, Florida 33131.
20. Defendant, Fluid Free Ride, LLC is a retailer of the electric scooter.
21. At all times material hereto, Defendants acted through their authorized employees, servants, agents, and/or apparent agents.

## FACTS GIVING RISE TO LIABILITY

22. Upon information and belief, Defendants Apollo Scooters and Apollo Imports, Inc. designed and manufactured the Apollo Phantom V2 electric scooter and brought it into the stream of commerce.
23. On June 6, 2023, Plaintiff Allan Vandall purchased the Apollo Phantom V2 electric scooter from Defendant Fluid Free Ride, LLC in its original packaging.
24. On August 7, 2023, Plaintiff left his home on the electric scooter. Within a minute of being on the electric scooter the handlebars became loosened from the frame, causing the electric scooter to become incontrollable, and inflicting severe and permanent injuries on Mr. Vandal immediately. Mr. Vandall was rushed to the hospital.
25. On August 10, 2023, after already sustaining injuries Mr. Vandall received a bolt in the mail with instructions on how to replace the defective bolt on the handlebars.

26. On September 15, 2023, Plaintiff received a recall notice by mail calling attention to a manufacturing or design defect in a bolt that secures the handlebars.
27. Mr. Vandall then discovered a YouTube video posted by Apollo Imports, Inc. on July 30, 2023, which provided instructions on replacing the bolt in the handlebars and shows that the Defendants knew or should have known about the defective electric scooter prior to Mr. Vandall's injuries. However, this video neither described nor acknowledged the manufacturing or design defect. Additionally, this video was not sent to the Mr. Vandall or any other customer directly.
28. As a result of the Defendant's conduct and the resulting electric scooter crash, Mr. Vandall sustained injuries including but not limited to a concussion; his left bicep tendon to detach from his shoulder; multiple tears in the labrum of the left shoulder; impact fractures of the left shoulder and elbow; at least 20% scarring of arms and legs; head injury; knee injury; likely permanent nerve damage to arms and knees; and permanent damage to joints in his lower back.
29. Mr. Vandall received surgery on his left shoulder to repair the torn labrum and reattach the bicep tendon, and he is scheduled to receive regular spinal injections for his lower back. Mr. Vandall may also require further surgeries.
30. On June 25, 2024, Mr. Vandall was scheduled to receive regular spinal epidural cortisone injections following physical therapy.
31. The accident and injuries were caused by the combined liability-producing conduct of Defendants, consisting of designing, manufacturing, producing, selling, and placing into the stream of commerce defective products, and by failing to exercise reasonable care in designing, marketing, selling, and using the products.
32. Plaintiff continues to have sustained health issues directly related to the accident, including injuries that are permanent and have caused irreparable harm.
33. Plaintiff is unable to complete work at the same level as before the accident, and has had to hire additional salaried staff to help manage his business.
34. Plaintiff has been required to undergo medical, rehabilitative, and related care and treatment for his injuries.
35. As a consequence of the incident and resulting injuries, Plaintiff will endure ongoing severe physical and psychological pain, loss of enjoyment of life, and embarrassment.

36. As a result of the incident and injuries, Plaintiff has suffered a loss of earnings and/or reduction in his earning capacity.
37. As a result of the accident and injuries, Plaintiff has been required to expend certain sums of money for medical treatment and will be required to incur expenses for medical and related treatment indefinitely into the future.

**COUNT 1**
**STRICT PRODUCTS LIABILITY: MANUFACTUING DEFECT, DESIGN DEFECT, AND FAILURE TO WARN**

38. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.
39. The electric scooter incident and Plaintiff's injuries were caused by the defective nature of the electric scooter that was designed, manufactured, sold, supplied, and/or placed into the stream of commerce by the Defendants.
40. The electric scooter was defective in the following particulars:
    a. The product lacked adequate warnings;
    b. The electric scooter lacked features necessary to make it safe for its intended use;
    c. The electric scooter contained design features which made it unsafe for its intended purpose;
    d. The electric scooter was designed in such a way that the electric scooter's folding mechanism could unexpectedly engage; and
    e. The utility of the electric scooter is greatly outweighed by the risks posed by the electric scooter to its intended users.
41. The design and/or manufacturer of the electric scooter failed to meet consumer expectations for safety of electric scooters marketed for use due to their inherent danger created by the electric scooters.
42. The risk created by the design and/or manufacture of the electric scooter outweighed any possible benefits of the utility of the electric scooter.
43. The electric scooter that caused the Plaintiff's injury may have been manufactured out of conformity with its design.

44. Defendants are strictly liable to Plaintiff by virtue of the fact that it marketed, sold, supplied, and/or placed into the stream of commerce the defective product that caused the Plaintiff's injuries as described herein.
45. Defendants participated in the sale and maintenance of the product.
46. Defendants maintained, installed and assembled the product which contained a defective condition because the design was defective and unsafe.
47. This design defect made the product unreasonably dangerous.
48. The electric scooter as assembled by Defendants remained unchanged and was in the same condition at the time of the injury hereafter alleged.
49. As a direct and proximate cause of Defendants' defectively designed product, Plaintiff sustained permanent injury.
50. Defendants built and manufactured an electric scooter that had a defective design or was defectively manufactured. Accordingly, Defendants owed a duty to Plaintiff that the product was designed and manufactured in such a way that made the electric scooter safe for its intended purpose.
51. Defendants knew or should have known when building and manufacturing this electric scooter that it was designed defectively or manufactured that created an unreasonable risk of injury to Plaintiff.

## COUNT 2
## NEGLIGENCE

52. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.
53. The incident involving the electric scooter and the Plaintiff's injuries were proximately caused by the Defendants' gross negligence because the Defendants knew or should have known they were not exercising reasonable care in designing, manufacturing, installing, maintaining, and/or placed into the stream of commerce.
54. Defendant, Apollo Scooters, was negligent in properly designing, manufacturing, installing, and maintaining the defect in the system because the Defendant knew or should have known there was a defect with the electric scooters.
55. Defendants' negligence in properly communicating the manufacturing/design defect amounts to gross negligence because the Defendant knew there was a defect with the

electric scooters and willfully disregarded their responsibility to warn all potential users who may come in contact with the electric scooter.

56. Defendant, Apollo Imports, Inc., was negligent in properly maintaining and putting the electric scooters into the stream of commerce.

57. The negligence of the Defendant, Apollo Imports, Inc., in adequately communicating the manufacturing/design defect constitutes gross negligence. The Defendant knew or should have known about the defect in the electric scooters and willfully disregarded their duty to warn all potential users who might come into contact with the electric scooters.

58. Defendant, Fluid Free Ride, LLC, was negligent in properly maintaining and putting the electric scooters into the stream of commerce.

59. The negligence of the Defendant, Fluid Free Ride, LLC, in adequately communicating the manufacturing/design defect constitutes gross negligence. The Defendant knew or should have known about the defect in the electric scooters and willfully disregarded their duty to warn all potential users who might come into contact with the electric scooters.

60. Defendants owed a duty to exercise reasonable care in designing, manufacturing, installing, maintaining, and communicating defects to Plaintiff.

61. Defendants breached this duty by failing to properly design, manufacture, install, maintain, and communicate the defect in the system to Plaintiff.

62. Defendants owed a duty to exercise reasonable care in communicating defects to Plaintiff.

63. Defendants breached this duty by failing to properly design, manufacture, install, maintain, and communicate the defect in the system to Plaintiff.

64. Defendants' negligence created a clear and immediate risk of serious injury. As a direct and proximate result, Plaintiff sustained serious and permanent injury.

## COUNT 3
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

65. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

66. Defendants knew or should have known when building and maintaining this electric scooter that it was designed or manufactured defectively, creating an unreasonable risk of injury to Plaintiff.
67. Defendants knew or should have known that the defect existed when the electric scooter was purchased.
68. Defendants knew or should have known when building and maintaining this electric scooter that it was designed or manufactured defectively would be the proximate cause of the harm.
69. As a direct and proximate result of Defendants' breach of implied warranty of merchantability, Plaintiff sustained serious and permanent injury.
70. Defendants built and/or maintained an electric scooter that had a defective design or was defectively maintained. Accordingly, Defendants owed a duty to Plaintiff that the system was designed and maintained in such a way that made the system safe for its intended purpose.
71. Defendants knew or should have known when building and maintaining this electric scooter that it was designed defectively or maintained, creating an unreasonable risk of injury to Plaintiff.

WHEREFORE, the Plaintiff, Allan Vandall, respectfully demands judgment in his favor against Defendants Apollo Imports, Inc. individually, jointly, and severally with Co-Defendants, Fluid Free Ride, LLC., in an amount in excess of $75,000.00, exclusive of interest and costs, as follows:

1. Plaintiff demands judgment in his favor and against Defendants, Apollo Scooters individually, jointly, and severally with Co-Defendants, Apollo Imports, Inc. and Fluid Free Ride, LLC., in an amount in excess of $75,000.00, exclusive of interest and costs;
2. An award for economic damages for all tangible financial loss due to medical bills and lost income;
3. An award to the Plaintiff for noneconomic impacts like pain and suffering;

4. An award for punitive damages to punish Defendants for intentional or reckless behavior; and
5. Any other appropriate relief.

                                                Respectfully submitted,

Dated: July 18, 2024                            s/ Joshua Hooser

                                           Joshua Hooser, SC Bar #103899
                                           HOOSER LEGAL COUNSEL, LLC
                                           171 Church Street, Suite 340
                                           Charleston, South Carolina 29401
                                           Phone: (843) 640-3152
                                           E-mail: josh@hooserlawyer.com

## JURY DEMAND

Plaintiff Allan Vandall hereby demands a trial by jury.

                                    s/ Joshua Hooser
                                  Attorney for Plaintiff

9

## VERIFICATION

Allan Vandall hereby states that he is the named Plaintiff, that he is authorized to make this Verification on his behalf, and that the facts set forth in the foregoing Complaint are true and correct to the best of his knowledge, information, and belief.

_____
Allan Vandall

STATE OF SOUTH CAROLINA    )

COUNTY OF CHARLESTON       )

The foregoing was acknowledged before me by Mr. Allan Vandall on this **18th day of July, 2024**.

_____
Notary Public for South Carolina

*[Notary Seal: JOSHUA HOOSER, NOTARY PUBLIC, STATE OF SOUTH CAROLINA, My Commission Expires November 4, 2029]*